IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCISCO DOMINGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ABBOTT TRANSPORTATION, INC., ) <br> ) <br> Defendant. ) | CASE NO. 8:03CV536 <br><br> **ORDER REGARDING** <br> **MOTION IN LIMINE** |

Presently before the court is the motion in limine (Filing No. 40) filed by defendant Abbott Transportation, Inc. (Abbott Transportation). Abbott Transportation seeks to exclude at trial: (1) all evidence regarding alleged discriminatory or derogatory comments or conduct by Abbott Transportation representatives towards classes of people other than people of Mexican descent; (2) all evidence regarding discriminatory or derogatory comments or conduct by Abbott Transportation representatives towards people of Mexican descent unless such evidence has temporal or contextual relevance to plaintiff Francisco Dominguez's (Dominguez) claim; and (3) the Nebraska Equal Opportunity Commission's (NEOC) determination regarding Dominguez's charge of discrimination.

In his opposition to the motion in limine (Filing No. 49), Dominguez opposes the exclusion of evidence regarding alleged remarks made by Abbott Transportation representatives about persons of African-American and Hispanic descent. Dominguez does not oppose the exclusion of evidence of Abbott Transportation representatives' alleged derogatory comments about classes of people other than people of African-American and Hispanic descent, nor does he oppose the exclusion of evidence relating to the NEOC determination. For the following reasons, the court denies in part and grants in part the motion in limine.

1. **Evidence of Discriminatory or Derogatory Comments or Conduct by Abbott Transportation Representatives Towards Classes of People Other T han People of Mexican Descent**

Abbott Transportation seeks to prohibit Dominguez from adducing evidence at trial to show Zori Abbott, an owner and manager of Abbott Transportation, made discriminatory and derogatory statements about African Americans, women, disabled people, and

overweight people. Abbott Transportation argues this evidence is irrelevant and unfairly prejudicial. Dominguez opposes this portion of the motion in limine only to the extent it seeks to exclude evidence relating to Zori Abbott's statements about African Americans.

### a. Evidence of Zori Abbott's Alleged Derogatory Statements About Women, Disabled People, and Overweight People

Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even relevant evidence, however, may be properly excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The court finds evidence of alleged derogatory remarks by Abbott Transportation representatives about women, disabled people, and overweight people is not probative of Dominguez's discrimination claim. Fed. R. Evid. 401, 402. Further, this evidence is inadmissible pursuant to balancing process called for by Federal Rule of Evidence 403. Whatever marginal probative value this evidence might have would be substantially outweighed by the danger of unfair prejudice. Therefore, the court shall GRANT Abbott Transportation's motion in limine to the extent it seeks to exclude evidence at trial of alleged derogatory remarks by Abbott Transportation representatives about women, disabled people, and overweight people. See Kline v. City of Kansas City, Fire Dept., 175 F.3d 660, 668 (8th Cir. 1999) (holding evidence of discrimination suffered by the plaintiff's co-employees was more prejudicial than probative, would not tend to prove that employees were discriminated against, and any probative value would be substantially outweighed by threat of confusion of issues and unfair prejudice); Kelly v. Boeing Petroleum Svcs., Inc., 61 F.3d 350, 357-360 (5th Cir. 1995) (holding comments pertaining to race, sex, and origin have no tendency to prove disability discrimination and were therefore rightly excluded under Rules 401 and 403); Rauh v. Coyne, 744 F. Supp. 1181, 1183 (D.D.C.1990) (holding plaintiff alleging gender discrimination may not introduce evidence of racial discrimination, because it is not relevant under Rule 401 and would result in unfair prejudice outweighing any probative value).

### b.    Evidence of Zori Abbott's Alleged Derogatory Statements About African Americans

Because plaintiffs in discrimination actions face the difficult task of persuading the jury to disbelieve an employer's account of his own motives, the Eighth Circuit has cautioned that "blanket evidentiary exclusions can be especially damaging in employment discrimination cases." Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988). In discrimination cases, circumstantial evidence of discrimination, such as evidence of the employer's history and work practices, may be critical for the jury to assess whether the employer was more likely than not to have acted from an unlawful motive. Id. "In a case where race discrimination is the issue, the introduction of alleged racist remarks is not to be unexpected. The possibility that a jury might be so inflamed by the contents of the remark so as to decide the case based on passion, needs to be balanced against the fact that such remarks are potent evidence of attitude and environment." White v. Honeywell, Inc., 141 F.3d 1270, 1276 (8th Cir. 1998). However, "[b]ecause such evidence is so highly probative, the potential unfair prejudicial effect, i.e., its tendency to further inflame the jury is not enough to substantially outweigh its probative value." Id.

The court finds evidence of Zori Abbott's alleged derogatory statements about African Americans is relevant, because it may assist the jury in determining whether Abbott Transportation held similar racial animus towards people of Mexican descent. Furthermore, Abbott Transportation has failed to make a sufficient showing of unfair prejudice that could arise from the admission of evidence of Zori Abbott's race-related remarks. Merely because the evidence is prejudicial does not mean it is **unfairly** prejudicial. Therefore, the court concludes the balancing test called for by Rule 403 does not provide a basis for excluding Zori Abbott's remarks about African Americans.   The court shall DENY Abbott Transportation's motion in limine to the extent it seeks to exclude evidence relating to Zori Abbott's derogatory statements about African Americans.

### 2.    Evidence of Discriminatory Comments Allegedly Made by Zori Abbott About Persons of Mexican Descent

Abbott Transportation seeks to exclude discriminatory and derogatory statements about persons of Mexican descent allegedly made by Zori Abbott.  Abbott Transporation argues these statements "are stray remarks which appear to have no temporal or contextual relevance" and "any relevance of such statements is greatly outweighed by the danger of unfair prejudice."

Stray or isolated remarks cannot constitute proof of racial animus on the part of the employer unless the alleged statement has some causal connection to the decision to terminate the plaintiff's employment. See, e.g., Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989).

After balancing the probative value and prejudicial effect of admitting the evidence, the court concludes evidence of Zori Abbott's derogatory remarks about people of Mexican descent should be admitted. Such evidence is relevant, because the comments are evidence of the employer's attitude toward race and national origin. This is especially true in this case, because Dominguez alleges Zori Abbott was his supervisor and involved in the termination of his employment with Abbott Transporation. Therefore, the court shall DENY this portion of Abbott Transportation's motion in limine.

### 3. Evidence of the NEOC's Determination Regarding Dominguez's Charge of Discrimination

Abbott Transportation seeks to exclude evidence regarding the NEOC's determination there was "sufficient evidence to support a reasonable cause finding that discrimination occurred as alleged." Dominguez does not oppose the exclusion of evidence relating to the NEOC determination. Therefore, the court shall GRANT this portion of Abbott Transportation's motion in limine.

**IT IS ORDERED:**

1. Abbott Transportation's motion in limine (Filing No. 40) is granted with respect to the following evidence:

    a. Alleged derogatory remarks by Abbott Transportation representatives about women, disabled people, and overweight people; and
    b. The Nebraska Equal Opportunity Commission's determination regarding Dominguez's charge of discrimination.

2. Abbott Transportation's motion in limine (Filing No. 40) is denied with respect to the other evidence addressed therein.

3.  The parties are prohibited at trial, in the presence of the jury, from making any comments, statements, eliciting testimony regarding or introducing any evidence ruled inadmissible in this order.

4.  Each party has the responsibility of cautioning any witness it calls to testify at trial of the court's order regarding Abbott Transportation's motion in limine.

5.  At trial, the court shall exclude and admit evidence in a manner consistent with this order. However, the court's ruling on a particular motion in limine does not mean that all evidence contemplated by the motion will be admitted or excluded at trial. The court recognizes that, depending upon the testimony and evidence presented at trial, evidence that the court previously deemed admissible may be limited or excluded, and excluded evidence may be admitted for a purpose not anticipated at the time of this ruling. Thus, the court will entertain objections on individual proffers as they arise at trial, despite the fact that the proffer falls within the scope of a motion in limine.

Dated this 19th day of May, 2005.

                BY THE COURT:

                s/ William Jay Riley
                United States Circuit Judge
                (Sitting by Designation)